CHRIST REINKE and THE ELLENDALE NATIONAL BANK, a corporation, Appellants, v. NORTHWESTERN FIRE & MARINE INSURANCE COMPANY, a foreign corporation, and GEORGE HARMS, doing business as Harms Piano Company, interpleaded as party defendant, Respondents.

(189 N. W. 111.)

**Interpleader — order of intervention permitting uninterested party to retire, held proper.**

This is an appeal from an order of intervention which appears to be in all respects duly made.  Under contracts with plaintiff Reinke, the bank and the intervenor claim the same money.  The order of intervention in no manner determines the merits of the adverse claims.  It simply permits the Insurance Company to pay the money into court and retire from a contest in which it has no interest.

Opinion filed June 16, 1922.

Appeal from an order of the District court of Dickey   county;
*McKenna,* J.

Affirmed.

*F. J. Graham,* for appellants.

To maintain interpleader it is necessary that the plaintiff make de-
mand upon the defendant for the same debt or property as the person
not a party to the action.   Section 7414 of the 1913 C. L. of North Da-
kota.

Debt is a legal liability to pay a specific sum of money, a sum of money
reduced to a certainty and distinguished from a claim for uncertain dam-
ages.   Interpleader cannot be maintained in an action not within the per-
mission of the statute.   Section 7414 of the 1913 C. L. of North Dakota;
North Pacific Lumber Co .v. Lang, 28 Ore. 246, 52 Am. St. Reps. 780,
42 Pac. 799; U. S. Victor, 16 Abb. Pr. 153; Am. Telegraph and Cable
Co. v. Day, 20 Jones & S. 128, 3 Kerr's Cyc. Civ. Proc. of Cal. part 1,
§ 386, notes 67, 85, 100 and 108, pp. 419-431.

Interpleader must show that he has no remedy at law.   1 Wait Pr.
169-179.

The complaint controls as to the nature of the action.   C. L. 1913,
§ 7414, Braithwaite v. Akin, 3 N. D. 385.

*W. S. Lauder,* and *E. E. Cassels,* for respondent.

Originally interpleader was accomplished by an action in equity.   R.
C. L. Vol. 15 p. 221 et. seq.; Conn. etc. Ins. Co. v. Tucker, 23 R. I. 1, 49
Atl. 26, 91 A. S. R. 590-593 and note; Stephenson et al. v. Burdette
et al. 56 W. Va. 109, 10 L. R. A. (N. S.) 748 and extensive note; Pitts-
burgh etc. Co. v. Aukron, 97 S. E. 593, 5 A. L. R. 1157 and note 1162;
Pouch v. Prudential Ins. Co. of Am. 204 N. Y. 281, 28 A. & E. Ann.
Cas. 1191 and note 1196; Cyc. Vol. 23, p. 35; N. W. Mut. Life Ins.
Co. v. Kidder, 162 Ind. 382, A. E. & Ann. Cas. Vol 1, p. 509 and note at
513; Michigan Trust Co. etc. v. McNamara, 165 Mich. 200, 130 N. W.
653, 37 L. R. A. (N. S.) 986 and note; Bayerischen et al. v. Knaus, 75
N. J. Eq. 363, 138 A. S. R. 573.

It is well settled that where a party agrees to insure property for the
benefit of another and in violation of such agreement he insures the
property for the benefit of himself and the insurance company is notified
of such agreement such other party has an equitable lien upon the in-

surance money which can be enforced in a court of equity, and this is the case whether the agreement was embodied in a writing such as in insurance clause in a mortgage or whether it rests entirely in parol. Dunnel's Minn. Dig. 6275; Ames v. Richardson, 29 Minn. 330; Fetters Equity, 27; Second Beach, Ins. 584; Pingree on Mortgages, 582; Jones on Mortgages, Vol. 1, (3d ed.) § 402.

Tiffany on Real Estate, 1209; Hanson v. Blake, 135 Fed. 342; Nordyke v. Grey, 113 N. E. 683, (Ind.) ; 62 Kans. 163, 25 L. R. A. 305; See note to the case last cited as appearing in 25 L. R. A. 305; Thorp v. Creto, 79 Vt. 390.

A parol agreement of present insurance is valid and may be specifically enforced. Quinn v. U. F. & G. Co. 142 Minn. 428; Kovisto v. Bankers & Merchants Fire Ins. Co. 181 N. W. 580, (Minn.)'; Cromwell v. Brooklyn Fire Ins. Co. 44 N. Y. 42; Bernard v. U. L. Ins. Co. 66 N. Y. St. Rep 521; Teutonic Ins. Co. v. Ewing, 90 Fed. 217.

It is true that the interpleader does not claim the whole of the insurance money but that is not material. School Dist. v. Weston, 31 Mich. 85; Trenton Schools v. Heath, 15 N. J. Eq. 22; Wakeman v. Kingsland, 46 N. J. Eq. 113; Lanigan v. Bradley & Courier Co. 50 N. J. Eq. 202; Board v. Duparquiet, 50 N. J. Eq. 234; Packard v. Stephens, 59 N. J. Eq. 489.

It is immaterial that the claim of one claimant is actionable at law and the other one in equity. Gibsen v. Goldwaite, 7 Ala. 291; Newhall v. Castens, 70 Ill. 156; Richards v. Salter, 6 Johns Ch. 445; Dixon v. National Life Ins. Co. 168 Mass. 48; Brierly v. Equitable Aid Union, 170 Mass. 218.

ROBINSON, J. In July, 1921, the insurance company made to Reinke an insurance policy for $1,000 on personal property. In August, 1921, the property was destroyed by fire, and in November, 1921, the loss was adjusted at $882.47. After the loss the intervener notified the insurance company of a claim to the insurance money under a contract with Reinke; that is, under a mortgage by which Reinke had agreed to keep the property insured for the benefit of the intervener. In due time after the commencement of the action there was served a notice and affidavit showing the claim of the intervener. It was under this statute (C. L. § 7414) :

"A defendant against whom an action is pending upon a contract * * * may, at any time before answer upon affidavit that a person not

a party to the action and without collusion with him makes against him a demand for the same debt or property, upon due notice to such person and the adverse party, apply to the court for an order to substitute such person in his place and discharge him from liability to either party on his depositing in court the amount of the debt."

The insurace company made such an affidavit, and on due notice the court made an order that the company be discharged on depositing in the court the amount of the debt, $882.47, and that the intervener be made a party to the action. Reinke and the bank appeal from the order. The error assigned is that the court erred in making the order because the affidavit of the insurance company is not sufficient, but there is no specification or showing of any insufficiency. In the brief of counsel for appellants we look in vain for any claim or showing that the affidavits do not comply with the statute. The brief argues the merits of the claim made by the intervener, contending that the action is on an adjustment of the loss and not on the insurance policy, and that, as the intervener was not a party to the adjustment, he cannot be made a party to the action. But the reasoning is too refined. The action is on the policy as well as on the adjustment, and, if the intervener had any legal claim to the money due on the policy, it was not competent for the appellants to adjust away the rights of the intervener. The showing is that the bank and the intervener claim the money due from the insurance company, and that the claim of each is based on a contract with Reinke. The order in question does not affect the substantial rights of either the plaintiff or the intervener. It leaves them entirely free to contest their rights to the insurance money, and at the same time it relieves the company from a contest in which it has no interest. Without any order of intervention the insurance company had a perfect right to give the intervener notice of the action and to tender him the defense of the same so as to bind him by the judgment, and that is the legal effect of the order of intervention.

The argument that the claim of the plaintiff bank is superior to that of the intervener is not relevant to this appeal. That is to be determined in subsequent proceedings. The order of intervention in no manner determines the merits of the adverse claims to the money. It simply permits the company to pay the money into court and retire from a contest in which it has no interest. Order affirmed.

BIRDZELL, C. J., and CHRISTIANSON, BRONSON, and GRACE, JJ., concur.